UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID BRYAN HART,

    Petitioner,

vs.

B. CURRY, Warden,

    Respondent.
_____/

No. 08-01498 MHP

**ORDER DENYING STAY PENDING APPEAL**

    On August 5, 2010, this court issued an order granting David Bryan Hart's petition for a writ of habeas corpus and ordering his release within thirty days of the entry of judgment on terms and conditions set by the California Board of Parole ("Board"). Respondent now moves the court for a stay pending appeal. Pursuant to a hearing and recommendation by the Board of Parole Hearings that Hart be granted parole, the recommendation became a final decision. On January 10, 2007, the Governor reversed the decision. This court reviewed the entire record including the record before the Board and the Governor and the subsequent state court proceedings and found that the Governor's reversal was not supported by "some evidence" in accordance with *In re Lawrence*, 44 Cal.4th 1181 (2008), that the state court's ruling in this respect was an unreasonable application of the *Lawrence* test, and that, because liberty interests and the federal Due Process Clause are implicated, petitioner was entitled to habeas relief pursuant to 28 U.S.C. section 2254.

    Despite its representation in the motion that respondent would be filing a notice of appeal on September 4, 2010, respondent actually filed his notice of appeal on August 24, 2010, the same date

on which this motion was filed. By virtue of this motion respondent seeks to stay the release of petitioner and the other relief ordered by this court.

Federal Rule of Appellate Procedure 23(c) provides that:

> While a decision ordering the release of a prisoner is under review, the prisoner must – unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise – be released on personal recognizance with or without surety.

This Rule creates a "presumption of correctness for the order of a district court" and, thus, a presumption of release which, however, may be overcome by a showing "special reasons". *Hilton v. Braunskill*, 481 U.S. 770, 774-77 (1987). In *Hilton* the Supreme Court suggests that the question of whether to stay the decision granting habeas corpus and the question of whether to release the prisoner pending appeal are essentially the same inquiry. *Id.* at 775-76. The factors to be considered are: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 776.

Considering the first of these factors, the court finds that respondent has not made a strong showing of success on the merits. This court found the Governor's action wanting in the face a thoughtful, explicit and particularized articulation by the Board justifying the grant of parole. Memorandum & Order, Aug. 5, 2010, at 2:3 -19. Furthermore, this court found that the clear "some evidence" rule of *Lawrence* was not met and that an overwhelming number of cases supported finding *Lawrence* applicable retroactively. *Id*. at 9-13.

The remaining factors can be discussed in tandem. Respondent will not be irreparably injured if there is no stay. He can continue with his appeal and if there is a reversal appropriate relief can be granted. Petitioner will be on parole and subject to the terms and conditions the Board of Parole determines necessary and appropriate. He will always be available for further reincarceration if respondent prevails on appeal. There is no showing that he is a flight risk. However, if petitioner continues to remain incarcerated in violation of his due process rights, he is

2

substantially injured. Finally, the public interest lies in being assured that petitioner is not a danger to the community and that further rehabilitation is not required before releasing him on parole. The record before the Board persuaded the hearing panel to find that petitioner was not a risk to public safety; that he had demonstrated his rehabilitation and maturation by virtue of the number of programs of which he had availed himself and by his conduct while in custody; that he had made sound post-custody plans; and that he had close family ties which would provide support upon his release. A favorable psychiatric evaluation and the lack of opposition to release by the prosecuting District Attorney's office also factored into the Board's decision.

Weighing all of these considerations in light of the balancing principles applied by the Supreme Court in *Hilton*, this court finds that respondent has not overcome the presumption of Rule 23(c). Therefore, the motion for a stay is DENIED.

IT IS SO ORDERED.

Date: August 26, 2010

_____
MARILYN HALL PATEL
United States District Court
Northern District of California

3